| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:17-CR-118 |
| | § | |
| HOWARD GREGG DIAMOND | § | |

**MEMORANDUM AND ORDER**

Pending before the court is the parties' Agreed Joint Motion for Continuance (#44), wherein the parties request that the court continue this case to a later date. Defendant Howard Gregg Diamond ("Diamond") was charged, by Indictment (#1), on July 6, 2017. The Indictment charged Diamond with one count of conspiracy to possess with the intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 846, seven counts of possession with the intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841, and 10 counts of health care fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2. The Indictment further alleged that seven deaths resulted from Diamond's alleged conspiracy to possess with the intent to distribute and distribution of controlled substances.[1]

A warrant for Diamond's arrest was issued on July 7, 2017, and said warrant was effectuated on July 11, 2017. *See* Doc. No. 5. Although a Public Defender was immediately appointed to Diamond's case, Diamond retained counsel within one day of his arrest. On July 12, 2017, Peter A. Schulte ("Schulte") entered an appearance as Diamond's attorney. *See* Doc. Nos. 12, 14. Schulte remains Diamond's attorney of record.

On July 11, 2017, the court issued a Pre-Trial Order (#10), which set this case for a Final Pre-Trial Conference on September 5, 2017. This order was subsequently amended to modify

---

[1] The deceased patients were identified as: T.S., N.K., T.H., R.S., T.B., H.G., and K.P.

certain dates, but the trial remained set to commence on September 5, 2017.  *See* Doc. No. 22.  On July 25, 2017, however, the Government filed an Unopposed Motion for Order Designating Case Complex Under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii) (#25), wherein the parties agreed that "the voluminous discovery and the nature of prosecution" required this case to be designated "case complex."  Thus, as of at least July 25, 2017, both parties were aware of the complexity of this case and the voluminous nature of the discovery involved.  Indeed, according to that motion, the parties expected "approximately 1,000 patient files, hundreds of pages of pharmacy date (PMP information) and financial records" and "40 gigabytes of information."  The court granted this motion, and, due to the parties' assertions, specially set the trial for January 8, 2018.  *See* Doc. Nos. 26, 27.

On October 25, 2017, Diamond filed an Agreed Motion for Continuance (#31) in which the parties again pointed to the "over 40 gigabytes of electronic information, which includes over 1,000 patient records, hundreds of pages of pharmacy data[,] and financial records."  Diamond maintained that, due to such "complications," he needed "additional time to review the discovery, locate and retain experts for trial, and to prepare for trial."  The court granted Diamond's request and continued the trial to February 12, 2018.  *See* Doc. No. 32.  Therefore, this case has been specially set on the court's docket twice, both times upon the parties' unopposed requests.

The Government secured a First Superseding Indictment (#38) on January 10, 2018.  The primary changes in this indictment are:  (1) the addition of a co-defendant, Jordan Brooke Johnson ("Johnson"); and (2) the addition of a new victim, A.C., and the omission of a victim formerly listed in the Indictment, K.P.  Otherwise, the Superseding Indictment is virtually the same as the Indictment.

In the current motion, the parties contend that the filing of this Superseding Indictment warrants a second continuance of this specially-set trial. Nevertheless, the court does not find the last-minute addition of Johnson to warrant a continuance. Presumably, the Government knew of Johnson's alleged involvement in the conspiracy when it originally indicted Diamond; yet, it waited until one month before trial was set to begin to indict him in the matter.

Further, Diamond maintains that his attorney has had difficulty locating medical records for the deceased individuals listed in the indictments. This difficulty, however, appears to be due to Diamond's own delay. Although Diamond and his attorney were made aware of the alleged victims in July 2017, the defense did not subpoena the medical records provider until November 30, 2017. When Schulte received the records on January 5, 2018, he realized that the records of three deceased patients were not contained in the package received from the medical provider. It was only then that Diamond informed his attorney that he had used a second medical records provider during the scope of the time period of the allegations contained in the Indictment.

Having reviewed the indictments, the record, and the instant motion, the court concludes that Diamond and his attorney have had the information needed to proceed with discovery and trial preparation as of July 2017. The Superseding Indictment did not create a substantial modification to the posture of this case and, therefore, another continuance is not warranted. The parties' motion is, therefore, DENIED. The court will proceed with trial as to Diamond on February 12, 2018, as previously scheduled.

**SIGNED at Beaumont, Texas this 25th day of January, 2018.**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE