IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO. |
| Plaintiff, | * 4:17-CR-118-1-MAC-CAN |
| | * SHERMAN, TEXAS |
| v. | * FRIDAY |
| | * OCTOBER 5, 2018 |
| HOWARD GREGG DIAMOND, | * 11:15 A.M. TO 11:42 A.M. |
| | * |
| Defendant. | * |

-----------------------------------------------------

TRANSCRIPT OF

CHANGE OF PLEA HEARING

BEFORE THE HONORABLE CHRISTINE A. NOWAK

UNITED STATES MAGISTRATE JUDGE

OCTOBER 5, 2018

-----------------------------------------------------

TRANSCRIPTION SERVICE BY:

DIPTI PATEL
7306 DANWOOD DRIVE
AUSTIN, TEXAS 78759
Tel: 847-848-4907

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

A P P E A R A N C E S

For the Plaintiff:

    Maureen Smith, Esquire
    U. S. Attorney's Office-Plano
    101 East Park Boulevard
    Suite 500
    Plano, Texas 75074

For Defendant:

    Peter Schulte, Esquire
    Schulte & Apgar PLLC
    4131 North Central Expressway
    Suite 680
    Dallas, Texas 75204

1      SHERMAN, TEXAS; FRIDAY, OCTOBER 5, 2018; 11:15 A.M.

2         (Call to Order of the Court)

3             THE COURT:  Thank you, everyone.  Please

4    be seated.

5             All right.  At this time the Court will call

6    Cause Number will call Cause Number 4:17-CR-118, the

7    United States of America versus Howard Gregg Diamond.

8             If I can have an appearance on behalf of the

9    Government, please.

10            MS. SMITH:  Maureen Smith for the United

11   States, Your Honor.  We're ready to proceed.

12            THE COURT:  If I can have an appearance on

13   behalf of Mr. Diamond.

14            MR. SCHULTE:  Pete Schulte for the Defense,

15   Your Honor.  We're ready to proceed.

16            THE COURT:  Thank you.  And, Mr. Diamond, sur,

17   can you please state your full name for my record?

18            THE DEFENDANT:  Howard -- Howard Gregg Diamond,

19   M.D.

20            THE COURT:  Thank you.  Mr. Diamond, I'm just

21   going to confirm do you continue to speak and understand

22   English, sir?

23            THE DEFENDANT:  Yes.

24            THE COURT:  And so you don't need an

25   interpreter?

1    THE DEFENDANT:  I do not need an interpreter.

2    THE COURT:  Now, Mr. Diamond, the Court has

3  been advised that it is your desire and your intent

4  today to enter a plea to both Counts 1 and 9 of the

5  Second Superseding Indictment that is pending against

6  you.  Is that accurate?

7    THE DEFENDANT:  Yes, ma'am.  It is.

8    THE COURT:  Now in order for you and I to

9  further talk about that, I do need to have you sworn.

10  So if you could please raise your right hand to the best

11  of your ability, sir.

12      HOWARD GREGG DIAMOND, DEFENDANT, DULY SWORN

13    THE COURT:  All right.  Now, Mr. Diamond, if

14  you'll just confirm for me, do you have a copy of that

15  Second Superseding Indictment with you, sir?

16    THE DEFENDANT:  Yes, ma'am.

17    THE COURT:  And if you'll just confirm for me

18  that you have had an opportunity to review that

19  Indictment in its entirety, including specifically

20  Counts 1 and 9 to which you are attempting to enter a

21  plea?

22    THE DEFENDANT:  Yes, ma'am.  I have.

23    THE COURT:  Now before you and I are able to

24  proceed here today, we've got to talk about this

25  document that your counsel has provided to me, and it's

1    entitled "Consent To Administration of Guilty Plea and

2    Allocation by United States Magistrate Judge."  Now if I

3    turn to the next to the last page, Mr. Diamond, is this

4    your signature here?

5              THE DEFENDANT:  Yes, ma'am.  It is.

6              THE COURT:  Now remembering you're under oath,

7    did you read this document before you signed it?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  And did you talk with your lawyer

10   about it?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  And so, Mr. Diamond, do you fully

13   understand you have the right to appear before the

14   district judge who's assigned to your case in order to

15   enter any plea?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  Do you understand the impact of

18   signing this particular document is you're going to give

19   up that right and you're going to agree to enter your

20   plea before me, a magistrate judge?

21             THE DEFENDANT:  Yes, ma'am.  I'm aware.

22             THE COURT:  Is that what you want to do?

23             THE DEFENDANT:  Yes, ma'am.  I do.

24             THE COURT:  So no one's forced you to sign this

25   document.  This is your own decision.  Is that correct,

1    sir?

2              THE DEFENDANT:  Yes, ma'am.  That's correct.

3              THE COURT:  The Court will find the consent was

4    knowingly and voluntarily given.  I will sign this

5    consent form at this time, and we will proceed, Mr.

6    Diamond, with your plea.

7              Now, before we leave this document, though, I

8    do need to talk with you a little further about your

9    rights and your options because part of my job is to

10   make sure that you do truly understand what it is that

11   you're doing here today.  So can you confirm for me,

12   sir, do you understand you don't have to enter a guilty

13   plea?  You, in fact, have a constitutional right to

14   enter a plea of not guilty to these charges that are

15   pending against you in the Second Superseding

16   Indictment.  Do you understand that?

17             THE DEFENDANT:  Yes, I do.

18             THE COURT:  Do you further understand that if

19   you were to enter a plea of not guilty that the

20   Constitution of the United States affords you certain

21   rights, and those rights are sometimes called your trial

22   rights.  Now they're contained in that consent form, but

23   because they are so important and I need to make sure

24   that you understand what you're giving up by proceeding

25   in this manner, I'm going to read them to you again at

1   this time.  All right?

2           THE DEFENDANT:  Okay.

3           THE COURT:  Mr. Diamond, if you are to plead

4   not guilty, the Constitution of the United States would

5   guarantee you, sir, the right to a speedy and public

6   trial by a jury in this district; the right at such

7   trial for you to see, hear, and cross-examine all

8   witnesses against you and to present evidence; the right

9   to use the power and process of the Court to compel the

10  production of any evidence and the attendance of

11  witnesses in your favor; the right to have the

12  assistance of an attorney in your defense at all stages

13  of the proceeding.

14          At the trial, you cannot be compelled to

15  testify.  Whether you would testify would be your own

16  decision.  The United States would be required to prove

17  your guilt beyond a reasonable doubt at trial.  And if

18  you are found guilty, you would have the right to appeal

19  your conviction.  So do you understand that you have and

20  you are guaranteed each of those rights that I just read

21  to you, Mr. Diamond, under the Constitution of the

22  United States?

23          THE DEFENDANT:  Yes, ma'am.  I'm aware.

24          THE COURT:  Do you further understand that if

25  you persist in your desire to enter a plea here today

1    and the district court accepts your plea, there will be

2    no trial?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  And so each of those rights that I

5    just read to you other than the continued assistance of

6    your counsel, Mr. Schulte, you're going to give those

7    up?

8              THE DEFENDANT:  That's correct.  Yes, ma'am.

9              THE COURT:  Do you also understand that the

10   impact of entering a plea here today is that you will be

11   convicted for both Counts 1 and 9 of the Second

12   Superseding Indictment?

13             THE DEFENDANT:  Yes, ma'am.  I understand.

14             THE COURT:  So seeing that you do in fact

15   understand those consequences, I also have to make sure

16   you're competent.  So if you'll just bear with me, okay.

17   I'm going to ask you some background questions.  So can

18   you confirm for me, sir, have you ever been diagnosed or

19   treated for any type of narcotics addiction or

20   alcoholism?  Have you ever had a problem with drugs and

21   alcohol?

22             THE DEFENDANT:  No, ma'am.

23             THE COURT:  Are you currently under the

24   influence of any drugs, alcohol, any substance

25   whatsoever?

```
 1              THE DEFENDANT:  No.

 2              THE COURT:  Have you ever been diagnosed or

 3   treated for any type of emotional illness, mental

 4   disability, or problem, including things like

 5   depression, anxiety?

 6              THE DEFENDANT:  I -- I've been treated for

 7   depression, yes.

 8              THE COURT:  Do you think that your past history

 9   as it relates to depression will in any way impact your

10   ability to understand what's going on here in this

11   courtroom today?

12              THE DEFENDANT:  No, not at all.

13              THE COURT:  Have you, in fact, understood

14   everything we've talked about thus far?

15              THE DEFENDANT:  Yes, ma'am.  I have.

16              THE COURT:  Do you feel physically and mentally

17   fit for us to go forward?

18              THE DEFENDANT:  Yes, I do.

19              THE COURT:  And are you telling me that you

20   fully understand what it is you are trying to do here

21   today?

22              THE DEFENDANT:  I do, ma'am.  Yes.

23              THE COURT:  Now, Mr. Schulte, you've had a

24   further opportunity to speak with your client, so I'll

25   have you confirm as well.  Are you aware of any reason
```

1   whatsoever that Mr. Diamond is not able to enter a

2   knowing and intelligent plea here today?

3            MR. SCHULTE:  No, Your Honor.

4            THE COURT:  Do you believe him to be fully

5   competent for us to proceed?

6            MR. SCHULTE:  Yes, Your Honor.

7            THE COURT:  Then I'd like for us to turn and

8   look at the Second Superseding Indictment together.  Now

9   I'm going to pull up a copy here on my screen.  Now, Mr.

10  Diamond, are you looking at a copy there?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  Now you told me at the outset of

13  these proceedings that you had had an opportunity to

14  review that Indictment in its entirety with your

15  counsel.  Does that remain correct?

16           THE DEFENDANT:  Yes, it is.

17           THE COURT:  Have you also had a full and fair

18  opportunity to talk with your lawyer about all the facts

19  of your case and any defenses that you might have to

20  these two counts to which you're intending to enter a

21  plea?

22           THE DEFENDANT:  Yes, I have.

23           THE COURT:  Now following all of your

24  communications with your counsel, are you fully

25  satisfied with the representation and the advice that

1  you've received in connection with your case as well as

2  with your decision to enter a guilty plea here today?

3          THE DEFENDANT:  Yes, ma'am.  I am.

4          THE COURT:  So in light of that, I'm going to

5  tell you there are two ways that we can talk about this

6  Indictment while you and I are together here today,

7  okay.  Now I could have the whole thing read to you in

8  its entirety word for word if you would like or, if you

9  would rather, you may waive the full reading, in which

10 case I will have the Government just summarize the

11 charges that you're trying to enter a plea to, being

12 Counts 1 and 9 of the Second Superseding Indictment.  It

13 is your choice.  How would you like to go forward?

14         THE DEFENDANT:  I'd like to waive the reading,

15 please.

16         THE COURT:  So in light of the waiver, at this

17 time I will ask the Government to summarize those counts

18 to which you're intending to enter a plea.  Now, Mr.

19 Diamond, I'm going to have the Government do one other

20 thing as well.  I'm going to have them read to you what

21 are called the essential elements of the offense.  Those

22 are the elements the Government would be required to

23 prove at trial in order for you to actually be

24 convicted.  So if you'll please listen very carefully.

25         MS. SMITH:  Yes, Your Honor.  The Defendant,

1   Howard Gregg Diamond, is charged in Count 1 of the

2   Second Superseding Indictment with the violation of

3   Title 21 United States Code § 846, Conspiracy To Possess

4   With The Intent to Distribute and Dispense And

5   Distributing and Dispensing of Controlled Substances,

6   and Count 9 of the Second Superseding Indictment with a

7   violation of Title 18 United States Code § 1347 and 2,

8   Health Care Fraud and Aiding and Abetting.

9          The essential elements which must be proved

10  beyond a reasonable doubt in order to establish a

11  violation of each of those sections are as follows,

12  Count 1:

13         (1) that the Defendant and one or more persons

14  in some way or manner made an agreement to commit the

15  crime charged in the Second Superseding Indictment, that

16  is to possess with the intent to distribute the

17  following controlled substances: fentanyl, morphine,

18  oxycodone, oxymorphone, methadone, hydrocodone,

19  hydromorphone, alprazolam, zolpidem, carisoprodol, and

20  diazepam;

21         (2) that you knew the unlawful purpose of the

22  agreement;

23         (3) that the Defendant joined in the agreement

24  willfully, that is, with the intent to further its

25  unlawful purpose;

1              (4) that the overall scope of the conspiracy

2    involved fentanyl, morphine, oxycodone, oxymorphone,

3    methadone, hydrocodone, hydromorphone, alprazolam,

4    zolpidem, carisoprodol, and diazepam;

5              (5) that the Defendant knew or reasonably

6    should have known that the scope of the conspiracy

7    involved all of those drugs I just stated.

8              For Count 9, the elements which must be proved

9    beyond a reasonable doubt are:

10             (1) that the Defendant knowingly and willfully

11   executed a scheme or artifice to defraud a health care

12   benefit program, that is, Medicare or to obtain money or

13   property from a health care benefit program, that is,

14   Medicare by means of false or fraudulent pretenses,

15   representations, or promises in connection with the

16   delivery of or payment for health care benefits, items,

17   or services;

18             (2) that the Defendant acted with a specific

19   intent to defraud a health care benefit program;

20             (3) that the false or fraudulent pretenses,

21   representations, or promises that the Defendant made

22   were material; and

23             (4) that the operation of the health care

24   benefit program affected interstate commerce.

25             THE COURT:  Thank you.

1           So, Mr. Diamond, I'm going to ask you some

2  questions about that information.  So let's start off

3  with the counts.  Do you understand the charges that are

4  pending against you in each of Counts 1 and 9 of the

5  Second Superseding Indictment to which you are trying to

6  enter a plea?

7           THE DEFENDANT:  Yes, I do understand them

8  completely.

9           THE COURT:  Did you also understand each of

10 those essential elements that were just read to you for

11 both Counts 1 and 9?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  Now, do you understand, Mr.

14 Diamond, that when you enter your plea here today to

15 both Count 1 and 9, what you'll be doing is admitting to

16 these essential elements?

17          THE DEFENDANT:  Correct.  Yes, ma'am.

18          THE COURT:  And do you, in fact, admit to each

19 of these essential elements, sir?

20          THE DEFENDANT:  Yes, ma'am.  I do.

21          THE COURT:  Now I understand that you have an

22 11(c)(1)(C) plea agreement.  Notwithstanding that fact,

23 it's still my obligation to make sure that you

24 understand what the full range of penalties and

25 consequences associated with these counts are.  And so I

1   am going to ask the Government to advise you of that at

2   this time.

3           MS. SMITH:  Yes, Your Honor.  For Count 1, the

4   penalty range is not less than 10 years and not more

5   than life in imprisonment, a fine not to exceed $10

6   million or both, supervised release of at least five

7   years.  If death or serious bodily injury results from

8   the uses of such substances, then a term of imprisonment

9   of not less than 20 years or more than life, a fine not

10  to exceed $10 million or both, a term of supervised

11  release of at least five years.  There's also a

12  mandatory special assessment.

13          For Count 9, the penalty range is not more than

14  ten years imprisonment, a fine not to exceed $250,000,

15  or not more than twice the gross gain or both,

16  supervised release of not more than three years.  If

17  serious bodily injury resulted, then a term of

18  imprisonment of not more than 20 years, and the fine and

19  the term of supervised release remain the same.

20          THE COURT:  Now again, Mr. Diamond, I

21  understand you have an 11(c)(1)(C) plea agreement.  Do

22  you understand, however, that that is the full range of

23  penalties and consequences that is associated with each

24  of the counts to which you are intending to enter a

25  plea?

1              THE DEFENDANT:  Yes, ma'am.  I do.

2              THE COURT:  Now, I also want to make sure that

3    you understand how sentencing works in the federal court

4    system.  So can you confirm for me do you understand,

5    sir, that whether you enter this plea here today or you

6    are to press forward to trial and you are to be

7    convicted by a jury, in either of those circumstances,

8    it will be the federal district judge who will do your

9    sentencing?  Do you understand that?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  And do you understand that in

12   deciding whether or not to accept your 11(c)(1)(C)

13   agreement, the federal district judge will look to but

14   is not obligated to follow the Federal Sentencing

15   Guidelines?

16             THE DEFENDANT:  Yes, ma'am.  I understand that.

17             THE COURT:  And so have you and Mr. Schulte sat

18   down and have y'all talked about how those guidelines

19   might be used or applied in your particular case?

20             THE DEFENDANT:  Yes, extensively.

21             THE COURT:  And you fully understand the

22   guidelines, they're not mandatory, they're merely

23   discretionary?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  And that means the district judge

1    is not obligated to follow them?

2            THE DEFENDANT:  Correct.  Yes, ma'am.

3            THE COURT:  Now, Mr. Diamond, do you also

4    understand that the guideline range for your particular

5    case is not able to be determined until after completion

6    of your written presentence report?

7            THE DEFENDANT:  Yes, I understand that.

8            THE COURT:  And so for that reason, any

9    estimate that Mr. Schulte, the Government, Pretrial,

10   anyone has given you to date, that's all it is, an

11   estimate?  Do you understand?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  So with that, let's go ahead and

14   turn and look at your Plea Agreement.  Now I have a copy

15   of your Plea Agreement here.  And, sir, if I turn to

16   page 10 of your Plea Agreement, and again, remembering

17   you're under oath, is this your signature here?

18           THE DEFENDANT:  Yes, ma'am.

19           THE COURT:  And if I turn as well in your

20   agreement to page 3, are these your initials next to the

21   change that was made to paragraph 4 of your Plea

22   Agreement?

23           THE DEFENDANT:  Yes, ma'am.  It is.

24           THE COURT:  And so I'm going to ask you as to

25   both your initials and your signature, did you read the

1    entirety of this Plea Agreement before you affixed your

2    initials or your signature?

3            THE DEFENDANT:  Yes, ma'am.  I did.

4            THE COURT:  Did you talk with your counsel

5    about each and every one of the paragraphs contained in

6    this Plea Agreement before you affixed your initials or

7    your signature to the Plea Agreement?

8            THE DEFENDANT:  Yes, ma'am.  I have.

9            THE COURT:  And as you stand here today, are

10   you comfortable that you understand everything in your

11   Plea Agreement?

12           THE DEFENDANT:  Yes, I am comfortable.  Thank

13   you.

14           THE COURT:  Now, I'd also like for us to talk

15   about your Plea Agreement Addendum.  And if I turn to

16   the second page, is this your signature on that

17   Addendum?

18           THE DEFENDANT:  Yes, ma'am.

19           THE COURT:  Mr. Diamond, if I'm to take your

20   Plea Agreement and the Addendum thereto, do these two

21   documents make up the entirety of your agreement with

22   the Government?

23           THE DEFENDANT:  Yes, ma'am.  They do.

24           THE COURT:  So with that, I am going to ask the

25   Government to summarize the terms and provisions of your

1    Plea Agreement, including specifically paragraphs 4, 6,

2    10, and 14.

3             MS. SMITH:  Yes, Your Honor.  Paragraph 4 of

4    the Plea Agreement discusses the agreement pursuant to

5    Federal Rule of Criminal Procedure 11(c)(1)(C).  In that

6    paragraph, the parties agree that the following

7    stipulations yield the appropriate sentence in this

8    case: For Count 1, the Defendant will be sentenced to a

9    term of imprisonment for 20 years.  The Defendant will

10   be sentenced to a term of supervised release of five

11   years.  The Defendant will pay the mandatory special

12   assessment of $100 at or prior to the sentencing

13   hearing.  And the Court will determine and impose any

14   fine.

15            For Count 9, the agreement is that the

16   Defendant will be sentenced to a term of imprisonment

17   for ten years.  The Defendant will be sentenced to a

18   term of supervised release of three years.  The

19   Defendant will pay the mandatory special assessment of

20   $100 at or prior to the sentencing hearing.  And the

21   Court will determine and impose any fine.  There's an

22   added stipulation that these sentences will run

23   concurrent.

24            In that paragraph, also, the parties understand

25   that the Court may decline to accept this agreement.  If

1    the Court does not accept the agreement, the Defendant

2    will be given the opportunity to withdraw from the plea.

3    The parties understand that the Court is bound only by

4    the stipulations made pursuant to Rule 11(c)(1)(C).  The

5    parties specifically agree that other specific offense

6    characteristics or guideline adjustments may increase or

7    decrease the appropriate sentencing range.  Nothing in

8    this agreement will preclude argument by either party

9    regarding any other specific offense, characteristic, or

10   guideline adjustment.

11         There's also a provision for a base offense

12   level increase under the Career Offender Guidelines or

13   the Armed Career Criminal Act.

14         Paragraph 6 discusses forfeiture.  In that

15   paragraph, the Defendant agrees to forfeit to the United

16   States DEA registration numbers for Dr. Howard Gregg

17   Diamond and any substitute assets.

18         Paragraph 10 discusses the Defendant's waiver

19   of his right to appeal or otherwise challenge his

20   sentence.  In that paragraph, the Defendant is waiving

21   his right to appeal his conviction, sentence, fine,

22   order of restitution, or order of forfeiture in this

23   case on all grounds.  He further agrees not to contest

24   the conviction, sentence, fine, order of restitution, or

25   order of forfeiture in any post-conviction proceeding,

1 including but not limited to a proceeding under Title 28

2 United States Code § 2255.

3          The Defendant is, however, reserving the right

4 to appeal the failure of the Court after accepting this

5 agreement to impose a sentence not with -- the failure

6 of the Court to impose a sentence in accordance with the

7 terms of this agreement.  He is also reserving the right

8 to appeal or seek collateral review of a claim of

9 ineffective assistance of counsel.

10          Paragraph 14 discusses the fact that this is

11 the entirety of the agreement between the Government and

12 the Defendant.  The Defendant, the Defendant's attorney,

13 and the Government acknowledge that this agreement is a

14 complete statement of the parties' agreement in this

15 case.  It supersedes all other plea agreements and may

16 not be modified unless the modification is in writing

17 and signed by all parties.  No other promises have been

18 made or implied.

19          THE COURT:  Now, Mr. Diamond, I'd like for us

20 to go over each of those paragraphs a little further

21 just so I can confirm that you do in fact understand

22 them.  We're going to start with that paragraph 4 that's

23 entitled "Agreement Pursuant to Federal Rule of Criminal

24 Procedure 1(c)(1)(C)."  And I'd like to begin just by

25 confirming you understand that there has been an

 1    addition made here to paragraph 4(e), which reads the

 2    sentences on Counts 1 and Count 9 shall run concurrent

 3    has been added?

 4            THE DEFENDANT:  Yes, ma'am.  Thank you.

 5            THE COURT:  Have you had a sufficient

 6    opportunity to speak with your counsel regarding this

 7    addition?

 8            THE DEFENDANT:  Yes, ma'am.

 9            THE COURT:  And with this addition, do you

10    still desire to press forward in entering your plea here

11    today?

12            THE DEFENDANT:  Yes, ma'am.  I do.

13            THE COURT:  Now, by and through paragraph 4, do

14    you understand there's an agreement by the Government to

15    recommend or to not oppose that a particular sentence is

16    appropriate in your case?

17            THE DEFENDANT:  Yes, ma'am.

18            THE COURT:  Do you further understand that

19    because your agreement with the Government has this

20    particular provision, the district judge has to decide

21    whether or not to accept your plea agreement?

22            THE DEFENDANT:  Yes, ma'am.

23            THE COURT:  Do you further understand that if

24    the district judge declines to accept your plea

25    agreement, you will be given the opportunity to withdraw

1   your plea of guilty and change it to not guilty?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  If you'll please turn with me next

4   to look at that paragraph 6, which is entitled

5   "Forfeiture."  I just need to confirm that you

6   understand that by and through paragraph 6, what you're

7   agreeing to do is to give up all right, title, and

8   interest to the property that's listed here in paragraph

9   6, including specifically any DEA registration numbers

10  for yourself.  Do you understand that's what you're

11  doing in paragraph 6?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Did you voluntarily and of your own

14  free will agree to give up all right, title, and

15  interest to this property that's listed here and to not

16  contest its forfeiture?

17          THE DEFENDANT:  Yes, I did.

18          THE COURT:  We'll look next at that paragraph

19  10, which deals with your appellate rights which are

20  very important.  By and through paragraph 10, what

21  you're agreeing to do is not to contest your conviction

22  and sentence except on two very limited grounds, and

23  you're also agreeing not to contest those things in any

24  post-conviction proceeding, including but not limited to

25  a Section 2255.  Do you understand that's what you're

```
 1   doing in paragraph 10?

 2           THE DEFENDANT:  Yes, ma'am.

 3           THE COURT:  Even more specifically, you have

 4   only reserved to yourself the right to appeal, sir,

 5   where the Court after accepting your 11(c)(1)(C)

 6   agreement fails to impose a sentence in accordance with

 7   its terms or where you have a claim for ineffective

 8   assistance of counsel.  Do you understand that?

 9           THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  And did you voluntarily and of your

11   own free will agree to give up your appellate rights

12   except in those two limited circumstances?

13           THE DEFENDANT:  Yes, I have.

14           THE COURT:  In paragraph 14, entitled "Entirety

15   of Agreement," I just need to confirm other than your

16   written Plea Agreement and the Addendum thereto, has

17   anyone made any other promises or assurances to you in

18   an effort to induce you to enter a plea here today?

19           THE DEFENDANT:  No, ma'am.

20           THE COURT:  Mr. Diamond, you and I aren't going

21   to have an opportunity to walk through each of the

22   remaining provisions of your Plea Agreement

23   individually, so I'm going to ask you as to all of them.

24   Do you have any questions whatsoever about your Plea

25   Agreement?
```

1              THE DEFENDANT:  I do not.

2              THE COURT:  As you stand here today, are you

3    telling me you voluntarily and of your own free will

4    agree to each of these terms and provisions?

5              THE DEFENDANT:  Yes, I have.

6              THE COURT:  That you understand each of these

7    provisions and you want this Court to accept and approve

8    this agreement?

9              THE DEFENDANT:  Yes, ma'am.  I do.

10             THE COURT:  Now there's a few other things that

11   we have to talk about in order for me to make a

12   recommendation to the district court that your plea

13   should be accepted.  First off, can you tell me, sir,

14   are you a United States citizen?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  Have you ever previously been

17   convicted of a felony offense?

18             THE DEFENDANT:  No, ma'am.

19             THE COURT:  Have you and Mr. Schulte discussed

20   the impact that will come on your citizenship rights by

21   virtue of entering a plea to a felony offense, including

22   specifically that you may lose the right to vote, to

23   hold public office, to sit on a jury, or to possess a

24   firearm?

25             THE DEFENDANT:  Yes, ma'am.

```
1              THE COURT:  And being apprised of those impacts

2   or losses of your citizenship rights, do you still

3   desire to press forward in entering a plea here today?

4              THE DEFENDANT:  Yes, ma'am.  I do.

5              THE COURT:  There are two other things you and

6   I have to talk about today.  The first of those is

7   whether or not your plea is knowingly and voluntarily

8   given.  I can only take your plea if you're actually

9   guilty of these charges.  And so can you tell me, Mr.

10  Diamond, has anyone attempted to force you, threaten

11  you, coerce you, or make you enter a plea here today?

12             THE DEFENDANT:  No, ma'am.

13             THE COURT:  Are you here today of your own free

14  will?

15             THE DEFENDANT:  Yes, I am.

16             THE COURT:  Because you are actually guilty of

17  Counts 1 and 9?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  There's one final document you and

20  I need to discuss then, and it's a copy of your Factual

21  Basis, which I have here in my hands.  And if I turn to

22  the next to the last page -- oh, excuse me, the page 3,

23  is this your signature, Mr. Diamond?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  Did you read this Factual Basis in
```

1    its entirety before you signed it?

2            THE DEFENDANT:  Yes, I have.

3            THE COURT:  Did you talk with your lawyer about

4    each and every one of these paragraphs before you signed

5    it?

6            THE DEFENDANT:  Yes, I did.

7            THE COURT:  Were you comfortable you understood

8    everything in this Factual Basis before you signed it?

9            THE DEFENDANT:  Yes, ma'am.

10            THE COURT:  Then I will ask the Government to

11    read the Factual Basis into the record.

12            MS. SMITH:  Yes, Your Honor.  The Defendant,

13    Howard Gregg Diamond, hereby stipulates and agrees that

14    at all times relevant to the Second Superseding

15    Indictment herein the following facts were true:

16            (1) that the Defendant, Howard Gregg Diamond,

17    who's changing his plea to guilty is the same person

18    charged in the Second Superseding Indictment;

19            (2) that the events described in the Second

20    Superseding Indictment occurred in the Eastern District

21    of Texas and elsewhere;

22            (3) that Howard Gregg Diamond knowingly

23    possessed controlled substances;

24            (4) that Howard Gregg Diamond and one or more

25    persons in some way or manner made an agreement to

commit the crimes charged in the Second Superseding
Indictment, that is, to knowingly and intentionally
possess with the intent to distribute the following
controlled substances: fentanyl, morphine, oxycodone,
oxymorphone, methadone, hydrocodone, hydromorphone,
alprazolam, zolpidem, carisoprodol, and diazepam;

(5) that Howard Gregg Diamond knew the unlawful
purpose of the agreement and joined in it with the
intent to further it;

(6) that Howard Gregg Diamond knew or
reasonably should have known that the scope of the
conspiracy involved the controlled substances listed
above.  This quantity was distributed or possessed with
the intent to distribute by the conspiracy while the
Defendant was a member of the conspiracy and was
foreseeable to the Defendant and part of jointly
undertaken criminal activity;

(7) that Howard Gregg Diamond distributed or
dispensed morphine, oxycodone, alprazolam, and zolpidem
on July 15th, 2014, that resulted in the death of T.H.
on July 25th, 2014;

(8) that on or about September 29th in
connection with a delivery and payment for health care
benefits, items and services, Howard Gregg Diamond
knowingly and willfully executed a scheme or artifice to

1   defraud Medicare and to obtain money or property from

2   Medicare by means of false or fraudulent pretenses,

3   representations, and promises.  In that, Howard Gregg

4   Diamond submitted or caused to be submitted a claim to

5   Medicare that falsely represented that he treated a

6   Medicare beneficiary identified as HICN0846A on

7   September 29th, 2015, when in truth and in fact he

8   travelled to Boston, Massachusetts during this alleged

9   date of service and did not treat the Medicare

10   beneficiary identified above;

11         (9) that Howard Gregg Diamond acted voluntarily

12   and intentionally, and he knew it was unlawful to

13   represent to Medicare that he treated a Medicare

14   beneficiary when in fact he did not;

15         (10) that Howard Gregg Diamond acted with a

16   specific intent to defraud Medicare in that he acted

17   knowingly and with the specific intent to deceive for

18   the purpose of obtaining money from Medicare;

19         (11) that Howard Gregg Diamond's false

20   representation that he treated Medicare beneficiary

21   HICN0846A was material because Medicare pays a higher

22   amount for services performed by a physician;

23         (12) that Howard Gregg Diamond understands that

24   Medicare is a health care benefit program affecting

25   interstate commerce under which health care benefits,

```
 1    items, and services are provided to Medicare

 2    beneficiaries and paid for by Medicare.

 3              THE COURT:  Mr. Diamond, is everything

 4    contained in this Factual Basis true and correct?

 5              THE DEFENDANT:  Yes, ma'am.

 6              THE COURT:  Are there any changes or

 7    corrections that you would ask be made?

 8              THE DEFENDANT:  No, ma'am.

 9              THE COURT:  Do you understand that by admitting

10    that you engaged in the conduct that's described in the

11    Factual Basis, what you are doing is admitting to both

12    Counts 1 and 9 of the Second Superseding Indictment?

13              THE DEFENDANT:  Yes, ma'am.  I understand.

14              THE COURT:  Notwithstanding that I have this

15    Factual Basis, I will still ask for you to tell me in

16    your own words here today why are you here, what was

17    your conduct?

18              THE DEFENDANT:  I prescribed prescription drugs

19    to some of my patients, and today I cannot show that the

20    prescribed medications were done with a legitimate

21    medical purpose.  This resulted in an overdose --

22    overdose death of one of my patients.  Additionally, I

23    billed Medicare for services I did not personally

24    provide.  I accept full responsibility for my actions by

25    accepting this Plea Agreement.
```

```
 1              THE COURT:  I'll ask both the Government and

 2   Defense counsel at this time having had the Factual

 3   Basis read into the record as supplemented with Mr.

 4   Diamond's statements here in open court, are you each

 5   satisfied there is a factual basis for this plea?

 6              MS. SMITH:  Yes, Your Honor.

 7              MR. SCHULTE:  Yes, Your Honor.

 8              THE COURT:  Are you each also satisfied that

 9   the Court has complied with the requirements of Rule 11

10   here today?

11              MS. SMITH:  Yes, Your Honor.

12              MR. SCHULTE:  Yes, Your Honor.

13              THE COURT:  Mr. Diamond, sir, have you

14   understood everything that's gone on here today?

15              THE DEFENDANT:  Yes, ma'am.  I have.

16              THE COURT:  Do you have any questions

17   whatsoever?

18              THE DEFENDANT:  No, ma'am.

19              THE COURT:  Would you like a further

20   opportunity to talk with your lawyer before we go

21   forward?

22              THE DEFENDANT:  No, I'm good.  Thank you.

23              THE COURT:  And, Mr. Schulte, do you join and

24   agree in your client's decision to enter this plea here

25   today?
```

1          MR. SCHULTE:  I do, Your Honor.

2          THE COURT:  Then at this time, the Court will

3    have entered into the record the Consent, the Elements

4    of the Offense, the Plea Agreement, the Plea Agreement

5    Addendum, as well as the Factual Basis.

6          And returning to the Second Superseding

7    Indictment, I will ask you at this time, Howard Gregg

8    Diamond, you are named in Count 1 and Count 9 of the

9    Second Superseding Indictment for violations of 21

10   U.S.C. § 846, Conspiracy To Possess With The Intent To

11   Distribute and Dispense and Distributing and Dispending

12   of Controlled Substances and as well 18 U.S.C. § 1347

13   and 2, Health Care Fraud and Aiding and Abetting.  How

14   do you now plead to each of Counts 1 and 9 of the Second

15   Superseding Indictment, guilty or not guilty?

16          THE DEFENDANT:  Guilty, Your Honor.

17          THE COURT:  In the case of the United States of

18   America versus Howard Gregg Diamond, Cause Number 4:17-

19   CR-118, this Court will recommend to the district court,

20   sir, that your plea be accepted.  I will further find at

21   this time that you are competent to enter this plea,

22   that you've had the assistance of counsel, that you have

23   been advised and that you understand your trial rights,

24   that you have been advised and you understand each of

25   the charges to which you've entered a plea as well as

1    the full range of penalties and consequences associated

2    with each of those counts.

3            I do further find that you've been advised and

4    you understand that those sentencing guidelines, they're

5    not mandatory, they're merely discretionary.  And based

6    upon your communications here today, I will further find

7    that your plea is both knowingly and voluntarily given

8    and that there is a factual basis to support it.  I will

9    prepare a recommendation for the district court.

10            Will both Government and Defense counsel waive

11   the objections period?

12            MS. SMITH:  Yes, Your Honor.

13            MR. SCHULTE:  Yes, Your Honor.

14            THE COURT:  So I'll do my best to get that

15   prepared today and get that over to the district court.

16   What happens from here is your written presentence

17   report is prepared.  Once it's complete, a copy of it

18   will go to Mr. Schulte.  The two of you can sit down,

19   you can look at it, you can make any objections the two

20   of you deem necessary.  And then you'll next appear

21   before the Court at the time of sentencing.

22            Do you understand that, Mr. Diamond?

23            THE DEFENDANT:  Yes, ma'am.

24            THE COURT:  Is there anything further from the

25   Government on this plea?

1          MS. SMITH:  No, Your Honor.

2          THE COURT:  Anything further, Mr. Schulte?

3          MR. SCHULTE:  No, Your Honor.

4          THE COURT:  Then at this time, Mr. Diamond, I

5    will have you remanded into the custody of the United

6    States marshals, and Court will be adjourned.  Thank you

7    everyone.

8       (Proceedings adjourned at 11:42 a.m.)

9                        *****

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    <u>CERTIFICATE OF TRANSCRIBER</u>

2

3            I, Dipti Patel, court-approved transcriber,

4    certify that the foregoing is a full and correct

5    transcript from the official electronic sound recording

6    of the proceedings in the above-entitled matter.

7

8

9    /s/ Dipti Patel

10   Dipti Patel, CET-997

11   847.848.4907

12

13

14   Date:  October 14, 2018

15

16

17

18

19

20

21

22

23

24

25