UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NUMBER 4:17-CR-00118 |
| | § |
| HOWARD GREGG DIAMOND (1) | § |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On October 5, 2018, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Howard Gregg Diamond, to Counts One and Nine of the Second Superseding Indictment. Count One of the Second Superseding Indictment alleges that from in or about January 2010 and continuing up to and including the date of this Second Superseding Indictment, in the Eastern District of Texas and elsewhere, Defendant, Howard Gregg Diamond, and others both known and unknown to the grand jury, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the grand jury to possess with intent to distribute and dispense controlled substances, in violation of Title 21 U.S.C. § 841, all in violation of Title 21 U.S.C. § 846 and 18 U.S.C. § 2 – Conspiracy to Possess with the Intent to Distribute and Dispense and Distributing and Dispensing of Controlled

Substances.[1] Count Nine of the Second Superseding Indictment alleges that on or about September 29, 2015, in the Eastern District of Texas and elsewhere, Defendant, Howard Gregg Diamond, submitted and caused the submission of claims to Medicare for approximately $117.00 and represented that, on or about the specified date of service, the identified patient was treated by himself, when in fact, Defendant, Howard Gregg Diamond, was traveling during the indicated time period and the patient was treated by a NP, or not at all, in violation of Title 18 U.S.C. § 1347 and 2 – Health Care Fraud and Aiding and Abetting.

Defendant entered a plea of guilty to Counts One and Nine of the Second Superseding Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

    a.    Defendant, after consultation with his attorney, has knowingly, freely, and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

    b.    Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. Defendant verified that he understood the terms of the plea agreement and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the Court advises Defendant that he has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or

---

[1] As listed in the Second Superseding Indictment

(C), the undersigned advises Defendant that he will have the opportunity to withdraw his plea of guilty should the Court not follow those particular terms of the plea agreement;[2]

    c.    Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement). See FED. R. CRIM. P. 11(b)(2); and

    d.    Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offenses and Defendant realizes that his conduct falls within the definition of the crimes charged under Title 21 U.S.C. § 846 - Conspiracy to Possess with the Intent to Distribute and Dispense and Distributing and Dispensing of Controlled Substances and Title 18 U.S.C. § 1347 and 2 – Health Care Fraud and Aiding and Abetting.

---

[2] (3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. FED. R. CRIM. P. 11(c)(3)-(5).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. See Factual Basis. In support, the Government would prove that Defendant is one and the same person charged in the Second Superseding Indictment and that the events described in the Second Superseding Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Counts One and Nine of the Second Superseding Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

Defendant, Howard Gregg Diamond, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely, and voluntarily.

The official transcript of the plea hearing was filed on October 15, 2018. As such, the Court has now prepared its formal written recommended disposition.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in Counts One and Nine of the Second Superseding Indictment. It is also recommended that the District Court defer acceptance of the plea agreement until after

review of the presentence report. Accordingly, it is further recommended that Howard Gregg Diamond be finally adjudged guilty of the charged offenses in violation of Title 21 U.S.C. § 846 - Conspiracy to Possess with the Intent to Distribute and Dispense and Distributing and Dispensing of Controlled Substances and Title 18 U.S.C. § 1347 and 2 – Health Care Fraud and Aiding and Abetting.

If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 16th day of October, 2018.**

_____

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE